Christopher W. Angius, OSB No. 841576
E-mail:christopher.angius@hklaw.com
HOLLAND & KNIGHT LLP
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon  97204
Telephone: 503.243.2300
Fax: 503.241.8014

Attorneys for Defendant JetBlue Airways Corporation

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| RAM NAYARAN,<br><br>      Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>      Defendant. | Case No. 3:12-CV-00811-BR<br><br>**JETBLUE AIRWAYS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant JetBlue Airways Corporation ("JetBlue"), by and through its attorneys, Holland & Knight LLP, as and for its Answer to plaintiff's Complaint ("Complaint"), herein states upon information and belief as follows:

### **INTRODUCTION**

1.     The allegations in Paragraph 1 of the Complaint do not require an admission or denial.  To the extent that a response is required, JetBlue denies the allegations set forth in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.    The allegations in Paragraph 2 of the Complaint contain jurisdictional allegations that are questions of law for the Court and therefore do not require a response by JetBlue.  To the extent that a response is required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies such allegations.

3.    The allegations in Paragraph 3 of the Complaint contain venue allegations that are questions of law for the Court and therefore do not require a response by JetBlue.  To the extent that a response is required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies such allegations.

4.    The allegations in Paragraph 4 of the Complaint contain jurisdictional allegations that are questions of law for the Court and therefore do not require a response by JetBlue.  To the extent that a response is required, JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies such allegations.

## THE PARTIES

5.    The allegations in Paragraph 5 of the Complaint do not require an admission or denial.  To the extent that a response is required, JetBlue denies the allegations set forth in Paragraph 5 of the Complaint.

6.    JetBlue denies the allegations in Paragraph 6 of the Complaint, except admits that JetBlue is a Delaware corporation and is authorized to and does transact business in the State of Oregon.

JETBLUE AIRWAYS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

## FACTS

7.      JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies such allegations, except admits that plaintiff held a ticket for transportation on JetBlue Flight 165 on July 15, 2011.

8.      JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies such allegations.

9.      JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies such allegations.

10.      JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies such allegations.

11.      JetBlue denies the allegations set forth in Paragraph 11 of the Complaint, except admits that plaintiff was asked to deplane JetBlue Flight 165.

12.      JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies such allegations.

13.      JetBlue denies the allegations set forth in Paragraph 13 of the Complaint, except admits that plaintiff was asked to deplane JetBlue Flight 165.

14.      JetBlue denies the allegations set forth in Paragraph 14 of the Complaint.

15.      JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies such allegations.

16.      JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies such allegations.

17.      JetBlue denies the allegations set forth in Paragraph 17 of the Complaint.

18.    JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies such allegations.

19.    JetBlue denies the allegations set forth in Paragraph 19 of the Complaint.

20.    JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies such allegations.

21.    JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies such allegations.

22.    JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore denies such allegations.

23.    JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies such allegations.

24.    JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies such allegations.

25.    JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and therefore denies such allegations.

26.    JetBlue denies the allegations set forth in Paragraph 26 of the Complaint.

27.    JetBlue denies the allegations set forth in Paragraph 27 of the Complaint.

28.    JetBlue denies the allegations set forth in Paragraph 28 of the Complaint.

**CLAIMS FOR RELIEF**
**COUNT ONE**
**(49 U.S.C. § 1981)**

29.    The allegations in Paragraph 29 of the Complaint do not require an admission or denial.

30.     JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore denies such allegations.

31.     JetBlue denies the allegations set forth in Paragraph 31 of the Complaint, except admits that plaintiff held a ticket for transportation on JetBlue Flight 165 on July 15, 2011.

32.     JetBlue denies the allegations set forth in Paragraph 32 of the Complaint.

33.     JetBlue denies the allegations set forth in Paragraph 33 of the Complaint.

34.     JetBlue denies the allegations set forth in Paragraph 34 of the Complaint.

## COUNT TWO
### (49 U.S.C. § 2000d)

35.     The allegations in Paragraph 35 of the Complaint do not require an admission or denial.

36.     JetBlue denies the allegations set forth in Paragraph 36 of the Complaint.

37.     JetBlue denies the allegations set forth in Paragraph 37 of the Complaint.

38.     JetBlue denies the allegations set forth in Paragraph 38 of the Complaint.

## COUNT THREE
### (49 U.S.C. § 40127)

39.     The allegations in Paragraph 39 of the Complaint do not require an admission or denial.

40.     JetBlue lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies such allegations.

41.     JetBlue admits the allegations set forth in Paragraph 41 of the Complaint.

42.     JetBlue denies the allegations set forth in Paragraph 42 of the Complaint, except admits that plaintiff held a ticket for transportation on JetBlue Flight 165 on July 15, 2011.

43.     JetBlue denies the allegations set forth in Paragraph 43 of the Complaint.

44.     JetBlue denies the allegations set forth in Paragraph 44 of the Complaint.

## COUNT FOUR
### (Breach of Contract)

45.     The allegations in Paragraph 45 of the Complaint do not require an admission or denial.

46.     JetBlue denies the allegations set forth in Paragraph 46 of the Complaint, except admits that plaintiff held a ticket for transportation on JetBlue Flight 165 on July 15, 2011.

47.     JetBlue denies the allegations set forth in Paragraph 47 of the Complaint.

48.     JetBlue denies the allegations set forth in Paragraph 48 of the Complaint.

49.     JetBlue denies the allegations set forth in Paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

50.     The allegations in Paragraph 50 of the Complaint do not require an admission or denial.  To the extent that a response is required, JetBlue denies the allegations set forth in Paragraph 50 of the Complaint.

## DEMAND FOR A JURY TRIAL

51.      The allegations in Paragraph 51 of the Complaint do not require an admission or denial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, either explicitly or implicitly, in whole or in part, by federal law, including but not limited to the Federal Aviation Act, the Airline Deregulation Act, the Aviation

and Transportation Security Act of 2001, the Airport Security Improvement Act of 2000, and the Air

Transportation Security Act of 1974, and all applicable federal regulations.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to its tariffs on file with the Department of Transportation of the United States and

pursuant to its Conditions of Carriage as set forth in the relevant contract of transportation, JetBlue is

not liable to plaintiff or, in the alternative, JetBlue's liability is limited.

### FOURTH AFFIRMATIVE DEFENSE

JetBlue is immune from liability because it acted lawfully under the provisions of the Federal

Aviation Act and the Airline Deregulation Act, and their applicable regulations, including but not

limited to 49 U.S.C. §§ 44902(b) and 44941, and 14 C.F.R. 121.537(d).

### FIFTH AFFIRMATIVE DEFENSE

JetBlue's actions were not the result in whole or in part of any unlawful discrimination

prohibited by any federal, state or local law.

### SIXTH AFFIRMATIVE DEFENSE

All actions taken by JetBlue were taken for legitimate, non-discriminatory reasons, none of

which plaintiff can demonstrate was a pretext for discrimination.

### SEVENTH AFFIRMATIVE DEFENSE

Any relief sought by plaintiff is limited or barred, as a matter of law, according to federal

regulations, tariffs, and agreements governing air transportation, including but not limited to, the

Aviation and Transportation Security Act of 2001, Airport Security Improvement Act of 2000, Air

Transportation Security Act of 1974, Federal Aviation Act, and Airline Deregulation Act.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was not denied the right to enter into or enjoy the privileges and benefits of a contract with JetBlue.

## NINTH AFFIRMATIVE DEFENSE

JetBlue, at all times relevant hereto, acted reasonably and in good faith, and with due care for the rights and safety of plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The alleged acts and/or omissions of JetBlue were not the legal or proximate cause of any injuries to plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as a result of plaintiff's own negligence.

## TWELFTH  AFFIRMATIVE DEFENSE

The alleged incident was the result of the fault, negligence, want of care, gross negligence, intentional act or acts or omissions of persons or entities other than JetBlue and over which JetBlue has no authority or control and was not the result of any fault, negligence, want of care, or other acts or omissions on the part of JetBlue.

## THIRTEENTH AFFIRMATIVE DEFENSE

The incident and any resulting damages were due to the fault, neglect, want of care, or independent intervening or superseding acts or omissions or other culpable conduct of other parties or persons for which JetBlue is neither liable nor responsible and were not the result of any fault, neglect, want of care, or other culpable conduct on the part of JetBlue or its agents, servants, or employees.

## FOURTEENTH AFFIRMATIVE DEFENSE

If plaintiff was injured as a result of the alleged acts or omissions of JetBlue, which JetBlue denies, then any recovery is barred or must be reduced by plaintiff's failure to mitigate any alleged injuries or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

If plaintiff was injured as a result of the alleged acts or omissions of JetBlue, which JetBlue denies, then any recovery must be reduced proportionately by plaintiff's own negligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by plaintiff are limited or are not recoverable under applicable law.  Further, in the event damages are to be awarded to plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, should be reduced by any collateral source payment that has been or will be paid to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all administrative remedies.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff seeks damages for injuries which are not compensable under applicable law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent plaintiff alleges punitive damages claims, such claims are barred or limited by provisions of the United States Constitution, state constitutions, or other applicable law including, without limitation, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protection of the laws.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief in the form of punitive damages can be granted because, even if all of the allegations set forth are true, JetBlue's conduct does not rise to a level sufficient to warrant such relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any recovery or equitable relief is barred by JetBlue's qualified immunity in its role as an enforcer of national security rules and regulations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing this action based on the application of the doctrine of primary jurisdiction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under 42 U.S.C. § 2000d because, at the time of the alleged incident, JetBlue was not a recipient of federal financial assistance.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. § 2000d, plaintiff has failed to establish that JetBlue's actions were intentional, wanton, malicious, callous or showed reckless disregard to plaintiff's civil rights.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has brought this action in an inappropriate and inconvenient forum.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

JetBlue intends to add and rely upon such other and further defenses as may become apparent during discovery in this action, and reserves the right to amend its Answer to assert such defenses.

Dated: June 1, 2012.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:  /s/ Christopher W. Angius
Christopher W. Angius, OSB No. 841576
E-mail:    christopher.angius@hklaw.com
111 S.W. Fifth Avenue
2300 U.S. Bancorp Tower
Portland, Oregon  97204
Telephone: 503.243.2300
Fax: 503.241.8014

Christopher G. Kelly (*pro hac vice pending*)
Sarah G. Passeri (*pro hac vice pending*)
31 West 52nd Street
New York, NY  10019

Attorneys for Defendant JetBlue Airways Corporation

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing JETBLUE AIRWAYS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT to be served on the following person by CM/ECF electronically mailed notice from the Court on the date set forth below:

Brandon B. Mayfield
mayfieldbrandon@hotmail.com
Law Office of Brandon Mayfield, LLC
3950 SW 185th Avenue
Beaverton, OR 97007

DATED June 1, 2012.


/s/ Christopher W. Angius

#11259226_v1